David W. Baumgarten, Esq. SBN 179574
baum@yblaw.com
Suzanne M. Yale, Esq. SBN 260107
suzanne@yblaw.com
YALE & BAUMGARTEN, LLP
1450 Frazee Road, Suite 403
San Diego, California 92108
Tel.: (619) 220-8790
Fax: (619) 220-0369

Attorneys for Defendant, Powerstride Batteries, Inc.

**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| CHRIS LANGER,<br><br>Plaintiff,<br><br>v.<br><br>KURTZ STREET PROPERTIES, LLC, a California limited liability company; POWERSTRIDE BATTERY CO., INC., a California corporation; and DOES 1-10,<br><br>Defendants. | CASE NO. 14-cv-0981-DMS-JLB<br><br>**ANSWER TO COMPLAINT**<br><br>[JURY TRIAL DEMANDED] |

The defendant, Powerstride Batteries, Inc., severing itself from the other named defendants, hereby answers the complaint of the plaintiff, Chris Langer, as follows:

1. In response to the allegations in Paragraph 1, the defendant lacks information upon which to admit or deny said allegations, and on that basis must deny the allegations contained therein.

2. In response to the allegations in Paragraph 2, the defendant admits the allegations contained therein.

3. In response to the allegations in Paragraph 3, the defendant denies the allegations contained therein.

4. In response to the allegations in Paragraph 4, the defendant lacks information upon which to admit or deny said allegations, and on that basis must deny the allegations contained therein.

5. In response to the allegations in Paragraph 5, the defendant admits that if the plaintiff can state a claim under the Americans with Disabilities Act, jurisdiction is proper.

6. In response to the allegations in Paragraph 6, the defendant admits that supplemental jurisdiction is proper if the plaintiff can state a claim under the Americans with Disabilities Act.

7. In response to the allegations in Paragraph 7, the defendant admits that if the plaintiff can state a claim under the Americans with Disabilities Act, venue is proper.

8. In response to the allegations in Paragraph 8, the allegations contained therein are vague, ambiguous, and conclusory, and on that basis the defendant must deny the allegations contained therein.

9. In response to the allegations in Paragraph 9, the allegations contained therein are vague, ambiguous, and conclusory, and on that basis the defendant must deny the allegations contained therein.

10. In response to the allegations in Paragraph 10, the allegations contained therein are vague, ambiguous, conclusory, and assume facts, and on that basis the defendant must deny the allegations contained therein.

11. In response to the allegations in Paragraph 11, the allegations contained therein are vague, ambiguous, conclusory, and assume facts, and on that basis the defendant must deny the allegations contained therein.

12. In response to the allegations in Paragraph 12, the allegations contained therein are vague, ambiguous, conclusory, and assume facts, and on that basis the defendant must deny the allegations contained therein.

13. In response to the allegations in Paragraph 13, the defendant denies the allegations contained therein.

14. In response to the allegations in Paragraph 14,the defendant lacks information upon which to admit or deny said allegations, and on that basis must deny the allegations contained therein. The defendant further alleges that the President of the defendant corporation is a paraplegic who uses a wheelchair for mobility and is able to access the Premises.

15. In response to the allegations in Paragraph 15, the defendant lacks information upon which to admit or deny said allegations, and on that basis must deny the allegations contained therein. The defendant further alleges that the President of the defendant corporation is a paraplegic who uses

a wheelchair for mobility and is able to access the Premises without deterrent. The defendant further alleges that the Property has since been striped to comply with the ADA and the ADAAG.

16. In response to the allegations in Paragraph 16, the defendant denies the allegations contained therein.

17. In response to the allegations in Paragraph 17, the defendant admits and denies the allegations contained therein as incorporated by reference.

18. In response to the allegations in Paragraph 18, the defendant admits that the ADA says what it says. The defendant denies all other allegations contained in Paragraph 18.

19. In response to the allegations in Paragraph 19, the defendant admits that the 1991 Standards say what they say. The defendant denies all other allegations contained in Paragraph 19.

20. In response to the allegations in Paragraph 20, the allegations contained therein are vague, ambiguous, conclusory, and assume facts, and on that basis the defendant must deny the allegations contained therein.

21. In response to the allegations in Paragraph 21, the defendant denies the allegations contained therein.

22. In response to the allegations in Paragraph 22, the defendant denies the allegations contained therein.

23. In response to the allegations in Paragraph 23, the defendant admits that the ADAAG say what they say. The defendant denies all other allegations contained in Paragraph 23.

24. In response to the allegations in Paragraph 24, the defendant admits and denies the allegations contained therein as incorporated by reference.

25. In response to the allegations in Paragraph 25, the allegations contained therein are vague, ambiguous, conclusory, and assume facts, and on that basis the defendant must deny the allegations contained therein.

26. In response to the allegations in Paragraph 26, the allegations contained therein are vague, ambiguous, conclusory, and assume facts, and on that basis the defendant must deny the allegations contained therein.

27. In response to the allegations in Paragraph 27, the defendant admits and denies the allegations contained therein as incorporated by reference.

28. In response to the allegations in Paragraph 28, the allegations contained therein are vague, ambiguous, conclusory, and assume facts, and on that basis the defendant must deny the allegations contained therein.

29. In response to the allegations in Paragraph 29, the allegations contained therein are vague, ambiguous, conclusory, and assume facts, and on that basis the defendant must deny the allegations contained therein.

30. In response to the allegations in Paragraph 30, the defendant admits and denies the allegations contained therein as incorporated by reference.

31. In response to the allegations in Paragraph 31, the allegations contained therein are vague, ambiguous, conclusory, and assume facts, and on that basis the defendant must deny the allegations contained therein.

**FIRST AFFIRMATIVE DEFENSE**

As a first and separate affirmative defense, the answering defendant alleges that the complaint, and the whole thereof, fails to state a claim or claims upon which relief may be granted against the answering defendant.

**SECOND AFFIRMATIVE DEFENSE**

As a second and separate affirmative defense, the answering defendant alleges that the complaint, and the whole thereof, is barred by the doctrine of unclean hands.

**THIRD AFFIRMATIVE DEFENSE**

As a third and separate affirmative defense, the answering defendant alleges that the damages alleged in the complaint, if any, resulted from the fault of the plaintiff and/or some third party, such that these answering defendant's liability, if any, should be negated or reduced by the percentage of fault of the plaintiff and/or the responsible third party.

/ / /

/ / /

**FOURTH AFFIRMATIVE DEFENSE**

As a fourth and separate affirmative defense, the answering defendant alleges that the area where the plaintiff purported to attempt to park is not an area of public parking or other accommodation, but rather is a restricted area of private use.

**FIFTH AFFIRMATIVE DEFENSE**

As a fifth and separate affirmative defense, the answering defendant alleges that the plaintiff was a trespasser.

**SIXTH AFFIRMATIVE DEFENSE**

As a sixth and separate affirmative defense, the answering defendant alleges that the plaintiff lacks capacity to sue.

**SEVENTH AFFIRMATIVE DEFENSE**

As a seventh separate affirmative defense, the answering defendant alleges that the plaintiff lacks standing to sue.

**EIGHTH AFFIRMATIVE DEFENSE**

As an eighth separate affirmative defense, the answering defendant alleges hardship.

WHEREFORE, the answering defendant prays as follows:

1. That the plaintiff take nothing by his complaint;
2. For costs of suit incurred herein; and
3. For such other and further relief as the Court may deem just and proper.

DATED: July 17, 2014

YALE & BAUMGARTEN, LLP

/s/ David W. Baumgarten

David W. Baumgarten, Attorney for Defendant